IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JANE DOE, on behalf of herself and others similarly situated,

            Plaintiff,

v.

PRAIRIE RIDGE HEALTH, INC. and PRAIRIE RIDGE HEALTH FOUNDATION, INC.,

            Defendants.

OPINION and ORDER

23-cv-426-jdp

---

    Plaintiff Jane Doe brings this putative class action on behalf of herself and other patients of defendants Prairie Ridge Health, Inc. and Prairie Ridge Health Foundation (collectively, Prairie Ridge Health). She alleges that Prairie Ridge Health incorporated tracking technologies into its website and patient portal that transmitted personally identifiable information and protected health information to third parties.

    Doe filed this action in the Circuit Court of Columbia County, but Prairie Ridge Health removed it to federal district court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Prairie Ridge Health contends that Doe's claims relate to conduct that Prairie Ridge Health engaged in while acting under a federal officer or agency, because it participated in a federal program that gives incentive payments to healthcare providers for facilitating patients' online access to health records. Doe moves to remand to state court, contending that Prairie Ridge Health does not meet the requirements for removal under the statute.

    The court concludes that removal was improper because Prairie Ridge Health was not acting under a federal agency or officer when it built its website and patient portal. Prairie Ridge Health did these things as part of its participation in a federal incentive program, but

these activities are still private activities, not governmental functions. In so holding, this court follows its own recent precedent in a nearly identical case, *Doe v. Gundersen Lutheran Health Sys., Inc.*, No. 23-CV-694-wmc, 2024 WL 489327 (W.D. Wis. Feb. 8, 2024), as well as the other district courts in the Seventh Circuit, the Courts of Appeals for the Eighth Circuit, *Doe v. BJC Health Sys.*, 89 F.4th 1037 (8th Cir. 2023), and the Third Circuit, *Mohr v. Trustees of Univ. of Pennsylvania*, 93 F.4th 100 (3d Cir. 2024), and the majority of district courts across the country. *See Gundersen Health*, 2024 WL 489327, at *2 (compiling cases).

BACKGROUND

Prairie Ridge Health is a health care provider with its principal place of business in Columbus, Wisconsin. Prairie Ridge Health maintains a website that patients use to schedule appointments, search for health care providers, pay bills, request medical records, and learn about medical issues and treatment options. It also has a patient portal for patients to make appointments, access medical records, view lab results, and communicate with their health care providers. Plaintiff Jane Doe is a citizen of Wisconsin and a patient at Prairie Ridge Health, who used the website and patient portal to pay bills, locate information about her medical conditions, and search for health care providers.

Doe filed this lawsuit in state court, alleging that Prairie Ridge Health uses tracking software in its website and patient portal that allows for the unauthorized disclosure of personally identifiable information and protected health information to third party companies such as Meta and Google. Doe asserts six claims against Prairie Ridge Health based in Wisconsin statutory or common law: conversion, breach of implied contract, wiretapping,

2

breach of the duty of confidentiality, intrusion upon seclusion and invasion of privacy, and unjust enrichment.

Prairie Ridge Health removed to this court under 28 U.S.C. § 1442(a)(1), contending that the lawsuit challenged actions Prairie Ridge Health took to participate in the "Meaningful Use Program," a voluntary federal program that gives incentive payments to health care providers to facilitate patient online access to health records.[1] The Meaningful Use Program provides a federal framework and guidelines for health care providers to follow to create patient portals and increase online access to health information. Providers submit reports to the program to certify their compliance and they receive incentive payments for meeting various program goals. Prairie Ridge Health contends that its participation in the Meaningful Use Program means that the actions Doe challenges in this lawsuit were "undertaken within the penumbra of federal action and office," Dkt. 1, at 5, creating a basis for removal under the federal officer removal statute. 28 U.S.C. § 1442(a)(1).

## ANALYSIS

Removal is appropriate under the federal officer removal statute if the defendant plausibly alleges that it (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense. *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014–15 (7th Cir. 2018). A defendant must satisfy all four requirements to establish federal jurisdiction. *See Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012).

---

[1] The Meaningful Use Program is now known as the Promoting Interoperability Program. *See* 42 C.F.R. § 495.4.

The parties agree that Prairie Ridge Health is a "person" under the statute, but Doe contends that Prairie Ridge Health has not satisfied the other three elements. The court agrees that Prairie Ridge Health has not satisfied the second element. Its participation in the Meaningful Use Program is not enough to establish that it was "acting under" the United States, its agencies, or its officers when it built its website and patient portal.

A private company "acting under" a federal agency or officer "must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 152 (2007). Generally, this relationship involves "subjection, guidance, or control" from the federal superior. *Id.* The classic "acting under" situation is when a private company contracts with the government to provide military supplies. *E.g., Baker v. Atl. Richfield Co.*, 962 F.3d 937 (7th Cir. 2020); *Ruppel*, 701 F.3d 1176. In so doing, the private company "help[s] the government produce an item that it needs, "help[s] officers fulfill . . . basic governmental tasks," and performs jobs that, "in the absence of a contract with a private firm, the [g]overnment itself would have had to perform." *Watson*, 551 U.S. 142, at 153.

A private company does not fall within the scope of the federal officer removal statue simply because it complies with federal laws, rules, or regulations. *Id.* at 152. "And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* at 153. The Seventh Circuit recently reaffirmed this principle when it rejected a removal action from a nursing home who was sued for actions it took during the COVID-19 pandemic. *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210, 1212–13 (7th Cir. 2022). The court explained that, although nursing homes are subject to extensive regulation and must comply with those regulations to receive Medicare and Medicaid funds,

4

"it has been understood for a long time that regulation does not turn a private entity into a public actor." *Id.*

As this court recently explained in *Gundersen Health*, a health care provider is not "acting under" a federal agency or official simply because it participates in the Meaningful Use Program. 2024 WL 489327. Participation in the Meaningful Use Program "may support the government's broad goal for patients to have online access to their medical records, but this is decidedly not a *basic governmental function*." *Id.* at *3 (emphasis in original). Nor is a private health care company's website and patient portal an item that the government needs, or something that the government itself would have created if the private company had not done so. *Id.* Prairie Ridge Health chose to comply with a voluntary regulatory program and to receive incentives connected with that compliance, much like the nursing homes in *Martin* chose to comply with regulations needed to receive Medicare and Medicaid funds. Such compliance does not turn Prairie Ridge Health's actions of building a website and patient portal for its private business into a government function.

Prairie Ridge Health urges the court to adopt the reasoning of the only two district courts to have found federal officer jurisdiction in this situation. *Doe I v. UPMC*, No. 20-cv-359, 2020 WL 4381675 (W.D. Pa. July 31, 2020), *overruled by Mohr*, 93 F.4th 100; *Doe v. ProMedica Health Sys., Inc.*, No. 20-cv-1581, 2020 WL 770562 (N.D. Ohio Oct. 30, 2020). These courts decided that health care providers act under the federal government by participating in the Meaningful Use Program because they "assist the federal government in building a nationwide network of interoperable health information technology." *Doe I*, 2020 WL 4381675, at *5, *see also ProMedica Health*, 2020 WL 7705627, at *2.

5

But these cases are unpersuasive for the reasons explained in *Gundersen Health*. *Doe I* and *ProMedica Health* are outliers among the more than twenty district courts to have decided this issue. *Gundersen Health*, 2024 WL 489327, at *2 (compiling cases). And since this court decided *Gundersen Health*, *Doe I* has been overruled. *Mohr*, 93 F.4th 100. *Doe I* and *ProMedica Health* are flawed because they fail to explain why building websites and patient portals is a basic governmental function. Health care providers are not "producing or operating any patient portal for the government; absent private action, the government itself would not provide this service." *Mohr*, 93 F.4th, at 106. *Doe I* and *ProMedica Health* adopt an "overly broad interpretation of what it means to assist a federal superior with its tasks or duties, which would permit removal to federal court in circumstances far beyond anything Congress intended." *Gundersen Health*, 2024 WL 489327, at *4 (quoting *Quinto v. Regents of Univ. of Cal.*, 2023 WL 1448050 (N.D. Cal. Feb. 1, 2023)).

Prairie Ridge Health has failed to establish that it was "acting under" the government, which is one of the four requirements for removal under 28 U.S.C. § 1442(a)(1). Because this is sufficient to deny removal, the court need not decide whether Prairie Ridge Health has satisfied the other elements. The court will grant Doe's motion and remand this case to state court.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to remand to state court, Dkt. 13, is GRANTED.

2. The clerk of court is directed to REMAND this case to the Circuit Court of Columbia County.

Entered March 20, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge